UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DORIAN WILLIAMS, | ) |  |
|---|---|---|
| Movant, | ) |  |
| v. | ) | No. 4:14CV1107 HEA |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent, | ) |  |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion to appoint counsel filed by movant's criminal defense counsel. Defense counsel has filed the motion along with a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Defense counsel has not obtained movant's consent to file this action. Nor does a current attorney-client relationship exist between defense counsel and movant.

It is not clear whether the federal statutes permit appointing counsel in this circumstance. Title 18 U.S.C. § 3006A(a)(2)(B) gives the Court discretionary authorization to appoint counsel to a § 2255 movant if the "financially eligible person . . . is seeking relief under section . . . 2255 of Title 28." There is no indication in this case that movant is either financially eligible or that he is seeking relief.

Title 28 U.S.C. § 1654 states that "parties may plead and conduct their own cases personally or by counsel . . ." Defense counsel is not currently movant's counsel. So it does not appear that the action is properly filed.

Finally, counsel questions whether movant is competent. Counsel, however, has no evidence that movant is not. Counsel has not talked to movant or received any credible evidence

of incompetence. Incompetent persons normally proceed with a representative or guardian ad litem in accordance with Rule 17(c) of the Federal Rules of Civil Procedure.

So, there is a question as to whether the motion for appointment of counsel can be granted. And it is not clear that the case is properly before the Court. As a result, defense counsel shall, within thirty days of the date of this Order, either obtain consent from movant to file this action or otherwise show that the Court has the authority to grant the motion.

Briefing from the government is welcomed but not required.

Accordingly,

**IT IS HEREBY ORDERED** that defense counsel shall, within thirty (30) days of the date of this Order, either obtain consent from movant to file this action or otherwise show that the Court has the authority to grant the motion for appointment of counsel and hear this case.

Dated this 23rd day of June, 2014.

                                      HENRY EDWARD AUTREY
                                      UNITED STATES DISTRICT JUDGE