UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DORIAN WILLIAMS, | ) |
|     Movant, | ) |
| v. | ) Case No. 4:14CV1107 HEA |
| UNITED STATES OF AMERICA, | ) |
|     Respondent, | ) |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Respondent opposes the Motion and has filed an opposition in response to the Court's Order for same.

Movant seeks to have his sentence vacated based upon *Descamps v. United States*, __ U.S. __, 133 S.Ct. 2276 (2013). Movant was convicted of violating 18 U.S.C. § 844(3). This Court determined that this conviction was for a "crime of violence," thereby triggering the career offender enhancement of U.S.S.G. § 4B1.1(a)(2). Having been previously convicted of three crimes of violence, the Court found Movant was subject to an enhanced sentence.

Although Movant's sentence was affirmed by the Eighth Circuit Court of Appeals, *United States v. Williams*, 690 F.3d 1056, 1068 (8th Cir. 2012), Movant

now urges the Court to vacate his sentence based on *Descamps* and *Elonis v. United States,* 135 S. Ct. 2001 (2015).

## *Descamps*

In *Descamps,* the Supreme Court held that "sentencing courts may not apply the modified categorical approach" to determine if a conviction is a "violent felony" under the ACCA when the crime of conviction "has a single, indivisible set of elements." *See Descamps,* 133 S.Ct. at 2281–82.

Although 18 U.S.C. § 844(e) is a "divisible" statute, Movant argues that the unique facts of this case render it in effect, an "indivisible" statute which is not subject to the acceptable modified categorical approach for divisible statutes.

Respondent argues that *Descamps* is inapplicable because Section 844(e) is a divisible statute and therefore does not fall within the parameters of *Descamps*. Additionally, Respondent argues that *Descamps* does not announce a new rule of law and therefore is inapplicable to cases on collateral review.

> A "new rule" is one that "breaks new ground or imposes a new obligation on the States or the Federal Government." *Teague,* 489 U.S. at 301, 109 S.Ct. 1060.Stated differently, "a case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* A rule is not dictated by existing precedent "unless it would have been 'apparent to all reasonable jurists.' " *Chaidez v. United States,* —— U.S. ——, 133 S.Ct. 1103, 1107, 185 L.Ed.2d 149 (2013) (quoting *Lambrix v. Singletary,* 520 U.S. 518, 528, 117 S.Ct. 1517, 137 L.Ed.2d 771 (1997)). But rules that apply a general principle to a new set of facts typically do not constitute new rules. *Id.; Wright v. West,* 505 U.S. 277, 309, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (Kennedy, J., concurring in the judgment).

The Armed Career Criminal Act establishes a mandatory minimum prison sentence of fifteen years for defendants convicted of possessing a firearm as a previously convicted felon if they have three prior convictions for "a violent felony." 18 U.S.C. § 924(e)(1). The Act defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year ... that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, [or] involves the use of explosives."[2] *Id.* § 924(e)(2)(B). To determine whether a past conviction qualifies as a violent felony, courts use a categorical approach that looks to the fact of conviction and the statutory elements of the prior offense. *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). In cases where a statute describes alternate ways of committing a crime—only some of which satisfy the definition of a violent felony—courts may use a modified categorical approach and examine a limited set of documents to determine whether a defendant was necessarily convicted of a violent felony. *Id.; Shepard v. United States,* 544 U.S. 13, 20–21, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). These materials include charging documents, jury instructions, plea agreements, transcripts of plea colloquies, or "some comparable judicial record." *Shepard,* 544 U.S. at 26, 125 S.Ct. 1254; *see also Taylor,* 495 U.S. at 602, 110 S.Ct. 2143.

In *Descamps,* the Supreme Court addressed whether courts could consider these judicial records when examining convictions under an indivisible statute that "criminalizes a broader swath of conduct" than necessary to establish a violent felony. *Descamps,* 133 S.Ct. at 2281. In *Descamps,* the defendant had sustained a prior conviction for burglary under a state statute that did not require the perpetrator's entry to be unlawful. *Id.* at 2282. The statute thus prohibited a broader range of conduct than the generic definition of burglary, which encompasses "*unlawful or unprivileged entry* into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 2283 (emphasis added) (quoting *Taylor,* 495 U.S. at 599, 110 S.Ct. 2143).

The Court explained that *Taylor* and *Shepard* both addressed divisible statutes—statutes with multiple elements set out in the alternative—and held that the modified categorical approach may be used to determine which elements formed the basis of a defendant's prior conviction. *Id.* at 2285 & n. 2. Once the elements underlying the crime of conviction are ascertained, the

> categorical approach is used to determine whether the crime is a violent felony. *Id.*
>
> *Descamps* held, however, that the modified categorical approach does not apply to indivisible statutes, because such statutes do not require a choice between alternatives. Rather, the indivisible statute in *Descamps* posed "a simple discrepancy between generic burglary and the crime established [under California law]." *Id.* The elements of the defendant's prior conviction for burglary were known. Because those elements did not correspond to the generic definition of burglary, "the inquiry [was] over," and the offense was not a "violent felony." *Id.* at 2286.

*Headbird v. United States*, 813 F.3d 1092, 1095-96 (8th Cir. 2016).

Movant urges the Court to conclude that *Descamps* established a new rule for this "rare" case. He argues that *Descamps* established for the first time that a "conduct-specific" approach is <u>never</u> permissible in the "crime of violence" or "violent felony" analysis, either for a prior conviction or an offense of conviction.

> *Descamps* reasoned, however, that prior "caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case." *Id.* at 2283. The Court further observed that limiting application of the modified categorical approach to divisible statutes was "the only way we have ever allowed" courts to use the approach. *Id.* at 2285. Rather than establish a new rule for analyzing indivisible statutes, *Descamps* simply reaffirmed that "[t]he modified approach does not authorize a sentencing court to substitute ... a facts-based inquiry for an elements-based one." *Id.* at 2293. The Court thus applied existing general principles governing the categorical and modified categorical approaches to indivisible statutes.

*Id.*

The Supreme Court's opinion explained that the case was "all but" resolved by prior decisions. 133 S.Ct. at 2283. "[T]he decision in *Descamps* was dictated

4

by the general principles set forth in existing precedent and did not establish a new rule." *Id.* Defendant's § 2255 Motion seeks an extension, not an application, of the rule announced in *Descamps*. Such an extension would require "the post-conviction court [to] announce a second new rule that extends *Descamps*. Section 2255(f)(3), however, requires the recognition of such a rule to "come from the Supreme Court, not from this [C]ourt." *United States v. Mason*, No. 2:10-CR-0080-LRS-1, 2016 WL 6803398, at *4 (E.D. Wash. Nov. 16, 2016) (denying § 2255 motion to vacate and correct sentence, and refusing to extend *Johnson* to the Sentencing Guidelines absent a new rule from the Supreme Court); *United States v. Kenney*, 2016 WL 7117919, at *3 (M.D. Pa. Dec. 7, 2016) (explaining "§ 2255(f)(3) explicitly requires that such a right be initially recognized by the Supreme Court"); *United States v. Russo*, 2017 WL 1533380, at *3 (D. Neb. Apr. 27, 2017). As such, Movant's claim is procedurally barred.

Even assuming Movant's claims are not barred, he would still not be entitled to relief. While recognizing that 18 U.S/C. § 844(e) is a "divisible" statute, Movant argues that the manner in which it was presented in the charging document and in the jury instructions essentially converted it into an "indivisible" statute. The indictment provided:

> The Grand Jury further charges that:
>
> On or about January 15, 2010, in St. Louis County, in the Eastern District of Missouri,

5

**Dorian Williams,**

the Defendant herein, through the use of a telephone in or affecting interstate commerce, did *willfully make a threat*, **and** *did maliciously convey false information knowing the same to be false*, *concerning an alleged attempt to be made to kill and injure individuals* **and** *unlawfully to damage and destroy a vehicle and personal property* by means of an explosive.

In violation of Title 18, United States Code, Section 844(e).

*United States v. Dorian Williams,* Cause No. 4:10CR194 HEA, Indictment, Doc. #2 (March 31, 2010).

Instruction 19 provided:

INSTRUCTION NO. 19

The crime of using a telephone to convey false information concerning an alleged attempt to be made to kill, injure, **or** destroy property by means of an explosive has five essential elements, which are:

*One,* the Defendant conveyed false information about an attempt;

*Two,* by telephone;

*Three,* to kill and injure individuals, **or** to unlawfully damage or destroy a vehicle or property;

*Four,* by means of an explosive; and

*Five,* the defendant did so maliciously.

If all of the essential elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged; otherwise you must find the defendant not guilty of this crime.

*United States v. Dorian Williams,* Cause No. 4:10CR194 HEA, Jury Instructions, Doc. #84 (July 27, 2011). Emphasis in bold supplied.

Movant argues that the inclusion of both "or" and "and" renders the elements of the offense "indivisible."

The Court is unpersuaded. The salient elements for determining whether the crime is a crime of violence remain divisible: "to kill and injure individuals **or** to unlawfully damage or destroy a vehicle or property." The Court's application of the modified categorical approach for this divisible statute was, and remains, proper.

*Elonis*

Movant also argues that he is entitled to relief because the instruction given required only negligence with respect to the communication of the false threat, much the same as the instruction given in *Elonis.* Movant attempts to springboard this argument to call into question the Court's determination that his conviction for violation of 18 U.S.C. § 844(e) was a conviction for a crime of violence. As Respondent correctly argues, this claim entails interpretation of the Guidelines which does not raise any constitutional questions, unless it rises to the level of a "miscarriage of justice." Movant's sentence did not. "An unlawful or illegal sentence is one imposed without, or in excess of, statutory authority. *United States v. Foster,* 514 F.3d 821, 824 (8th Cir.2008); *United States v. Stobaugh,* 420 F.3d 796, 804 (8th Cir.2005) ('a sentence is not illegal ... unless it exceeds the statutory maximum for the offense of conviction'), *cert. denied,* 546 U.S. 1120, 126 S.Ct.

7

1093, 163 L.Ed.2d 908 (2006)." *Sun Bear v. United States*, 644 F.3d 700, 705 (8th Cir. 2011). Movant's sentence was within the statutory maximum amount of imprisonment, and therefore, he is entitled to no relief under 28 U.S.C. § 2255.

### Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside or Correct Sentence is denied.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of

Appealability.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 16th day of June, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE